# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:97CR00050 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **ROBERT LEE WASHINGTON,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

On July 31, 1998, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On April 22, 2008, the court received a Motion to Reduce Sentence pursuant to § 3582(c)(2) from the defendant.

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant was convicted of one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a), and four counts of possession of a firearm by a convicted felon, in violation of 18. U.S.C. § 922(g)(1). The defendant's base offense level was dictated by U.S.S.G. § 2K2.1, which called for a base offense level of 20. The defendant's offense level was increased by two levels due to his possession of seven firearms. It was further increased by four levels because the defendant possessed the firearms in his home in connection with his crack cocaine conviction, giving him a total offense level of 26. Unfortunately, the defendant's criminal history indicated that he was and armed career criminal, as defined in 18 U.S.C. § 924(e), and thus subject to an enhanced sentence. After referring to U.S.S.G. § 4B1.4(b)(3)(B), the court determined that the defendant's Total Offense Level was 33. With a Criminal History Category of IV, *see* U.S.S.G. § 4B1.4(c)(3), the sentencing guidelines recommended a term of incarceration between 188 and 235 months. Accordingly, the court sentenced him to 188 months.

The defendant's sentence, as explained above, was calculated without reference

to any portion of the sentencing guidelines relating to crack cocaine. Because his original sentence was calculated based on factors not related to the quantity of crack cocaine for which he was found responsible, the defendant is not eligible for a reduction of his sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 96) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: May 8, 2008

/S/ JAMES P. JONES
Chief United States District Judge